We always get great arguments, by the way, from Montana lawyers. I'm looking forward to this May it please the court Counsel, my name is Jason Holden and I represent the defendant appellant David James Matthew. Good morning The heart of mr Matthews appeal focuses on the definition of his quote-unquote premises in an anticipatory search warrant and the Prior to its execution The search warrant in this case issued by a state district court judge in Billings Essentially did four things One it defined. Mr. Matthews residents to include his screened front patio and on page four of our Page seven of our brief. We have a picture of that house for the court The search warrant also did three additional things it Required delivery of the package to mr. Matthew while he occupied his premises or his home second It required that he accept the package at his residence and then it required that he re-enter his home here agent Waldo's entry into the screen front patio Without any of the conditions of the search warrant first being satisfied violated the Fourth Amendment Agent Waldo entered into mr. Matthews residence without a warrant He did so with the express intent to satisfy the conditions of a warrant Now in your view he had what he had to do when he walked up the steps To the house and I have a picture of the house right here. Yes, your honor He should have knocked on the screen door, is that what you're saying? Yes That's exactly what Florida be Jardine says as justice Scalia said in that case the license that any police officer has Stops at the front door. Now you said one thing I couldn't tell by looking at the photograph of the house and Although in the papers it refers to it as a screen porch or screen patio. Is that correct? It was a screen not glass or not Well, this is Hardin, Montana and this home is constructed in the 1920s style it is a screened in Front patio it is a it is the exterior of the home. It's the exterior of the home Or is it the front of the home? I? Well, it's the it's the front of the home. It's the exterior of the home if you look at that picture There's the mailbox. Yes, there's a lock on the screen door. Ah, there's a Number on the bottom of the screen door the steps lead up to it and but what it looks like it looks like a porch You enter the porch and you in the front door to the inside of the premises is the is the door the inside door I Did I disagree judge that that home itself? I mean if that's the case you'd have the mailbox on the interior door the interior door actually is the door to mr Matthews living room and You don't have a license to walk into that interior enclosed screened front patio to deliver if you look that's I asked about you know, if you walk up to the door and you look in through the screen and you see a Abandoned packages if you were delivering a package you most likely just common sense You would open up the screen door if it was unlocked and walk in knock on the door Nobody was there. You'd either leave the package. I mean if you're just a regular postman or a neighbor down I'm not talking about the instructions here, but I mean just Well, I sort of disagree with that I if you look in you see a lot of empty boxes, correct? You see a lot of empty packages you see a Table you see someone's home. You see someone empty packages in the patio, correct? There are empty boxes. Yes, your honor. You see them and there's photos in the record. Yes And you see these all these empty packages and boxes and whatnot Why would that allow just think of it? If you're a private person a private citizen and you're gonna deliver a package and you knock on the door the screen door It's just you know, and well you would first knock you'd knock that didn't happen that knock but you look in Nobody's there. You see these empty packages you open the door. Maybe you go to the front door and knock Right, I'm not sure that I agree your honor I would not if you were a private citizen give me your version of how this would all unfold I would knock on the screen door wait for an answer and If they didn't answer I would leave the package on the front door. I mean it isn't that the problem here that Reasonable minds are going to differ on Whether you're invited to that front door or not the actual front door of the house Sent 20 kids trick-or-treating half of them might go through the screen door to get to the front door The other half might not want to go through the screen door. And so why should the police be penalized with the exclusionary rule? when reasonable minds would differ whether They're being in whether there is an invitation to get to the front door. I don't think that it's necessarily that reasonable minds differ in terms of Whether or not they would go into the interior door or stay on the exterior door I think the question is under Jardines where that license ends, but more importantly than that even if we look at the conditions of the warrant itself, it's still required and Defined that the screened front patio was mr. Matthews residence and a conditional warrant or an anticipatory warrant is defined in grubs as requiring a condition precedent to occur before the warrant can be executed and You have to anticipate that a certain condition will be in place here. The package must be Delivered at his residence here. You have an officer Who didn't knock but let's assume that he had a license to walk into the screen front patio. He is now In an enclosed free screen front patio, which is defined by the warrant to Satisfy the warrant and that he cannot do and that's the that's why The conditions of the warrant were not satisfied. The delivery must occur while mr. Matthews occupies his home He must have the opportunity to accept delivery and then he must So he did come out of the house, correct? Or he came to the door well He answered the in the interior door, which was his living room agent Waldo said are you David remember that the package only had one name on it? It's not a last name. He said no, I'm not and Agent Waldo said is this your address? He showed him the package with the address and then he stepped from the living room into the enclosed front patio He never and that is where Agent Waldo delivered the package and that is where the package was found when the warrant was executed your honor Didn't he deliver it to him at his premises? But agent Waldo was in his premises so that you know there's a lot of discussion about a hyper technical reading of Of the warrant but what you have here is you have a an agent? entering a home To satisfy the conditions of a warrant and That is what is Unconstitutional here and to the extent it is an unconstitutional It certainly doesn't satisfy the conditions of the warrant itself Because you have the agent walking into the home to Accomplish delivery and under grubs that condition precedent is not satisfied So you you're it is somewhat circular but the whole purpose of the of the anticipatory requirements You know of the preconditions was to make sure that he was at the premises when he received the package No, I disagree what grubs is about your honor. Is that I'm talking about this warrant No, this warrant is not just occupying the residence. It is delivery and acceptance Remember that this is a war and re-entering it wasn't there's something about re-entering the present. Yes your premises. Yes, your honor So the package is the probable cause The the marijuana is the probable cause remember this isn't a drug case This is a an eventual search that that discovers a gun. It's a felon in possession So the marijuana is the probable cause that allows them to enter it is the fact that the delivery of the package must go in or be at the home and Here you have an officer entering the home To accomplish delivery and that is not in compliance with the conditions of the warrant itself Mr. Holden did you want to hold some time for? Repuddle, I will hold 47 seconds your honor. Well, we'll give you a little more than that if you need You Thank you, your honor Tim to Tarka on behalf of the United States Stacey could you plan when mr. Holden returns to give him two minutes for a rebuttal and We'll give mr. Tarka an extra minute if he needs it, too Thank you As the Supreme Court said in the United States, or excuse me, Florida versus Jardine there's no question that an individual's front porch area is a Individual has a reasonable expectation of privacy in that area and it's considered part of the home for the Fourth Amendment however As the Supreme Court noted any member of the public has an implied license to approach that Front porch area for the purpose of knocking on that front door and engaging in the resident in conversation Not only do we know from the record here that mr. Waldo's purpose in entering that area was To knock on the front door and and speak to mr. Matthew. I wasn't the outer door the front door The front door why wasn't the outer screen door the front door? Oh It's indisputed in the in the record There there's nothing in the record to indicate that the front door or that the screen door was the front door and locked on it What what it had It was a it had a it did had a latch but it wasn't latched on this particular day. Yes And it's all it also indisputed in the record at excerpts record page 75 that Agent Waldo said if it had been latched he would have stopped there. However, if he would have knocked mr. Matthews would not have heard him I would point out this is This occurred search occurred in March First part of March in Montana, which is still very much winter in Montana There was no reason to believe that the inner door would be open or any windows would be open such that you would knock on that door And stop there Importantly not only do we know that agent Waldo entered for the purpose of knocking on that front door But we also know that mr. Matthews received him as a licensee When agent Waldo knocked on the door, mr. Matthews answered engaged him in conversation eventually accepted the package Shook agent Waldo's hands Hand and and saw him to the door. That's entirely consistent with treating someone as a licensee Approaching their front door which any of them any member of the public would There was no indication of the contrary. Mr. Matthew didn't say what are you doing on my front porch or even? Let's continue this conversation out on the front steps There was no indication That it in the record that it was unreasonable for agent Matthew Agent Waldo to consider the front door to be the front door of the residence and to enter under a license As your honor noted It is hard to imagine that any trick-or-treater or door-to-door salesman would stop at a screen door In Montana in the winter and and knock on that door and wait to be answered And there's certainly nothing in the record in this case to indicate that it wasn't the custom and practice of the community To enter to the front door to knock on it and and and get mr. Matthews attention At that point mr. Matthew then accepted the package Containing the drugs and then placed that package on the as your honor noted in that Screen front porch area that contained numerous other opened and unopened packages And he re-entered the house and then re-entered the house Would it be Common in this part of Montana and this time of the year To sort of look at this porch as a place of shelter for somebody who's gonna for a visitor who may be Approaching the house You know, I mean, yeah. Yes, your honor. I I think that's I Think that's a fair way to put it There certainly isn't anything that would indicate that that an individual be expected to wait outside that front door There's no sign that says no admittance beyond this point or even no soliciting or anything like that And Importantly as I noted It's relevant to look at at agent Waldo's intentions. It's also relevant to look at how mr. Matthew treated agent Waldo again entirely consistent with there being a license to To interrupt to that front porch, I would note I would recommend the court's attention particularly to footnote for of Jardine which points out that The the fact that Agent Waldo was entering for the purpose of knocking and talking is what matters with respect to the license It doesn't matter that he had an investigatory purpose in the car the conversation once he got Mr. Matthews attention Unless the court has any further questions. Are you gonna address the conditions of supervision that issue? um The United States acknowledges that the district court didn't make a finding With respect to whether or not mr. Matthew had completed his Terms his sex offender treatment and that that while There was no It wasn't unreason what happened at the district court wasn't unreasonable but the the fact is that finding wasn't main and the United States acknowledges that but no findings were made and I mean coming from I'm a trial judge. Sure coming from state court. There has to be a reasonable relationship between the conditions and the crime It's not true in federal court, but some findings have to be made. That's why those conditions should be required Here there was nothing on the record the PSR other than the mere fact of conviction We have this knee-jerk reaction in every case where there's a sex offense no matter how old we're going to reimpose these sex offender conditions and Based on the conviction alone. So why should read man remand back when there was no Evidence that these were necessary conditions The I believe what happened at the district court The they told the defendant to go disprove our our ruling Isn't that what they ultimately did come back and tell us why we shouldn't do what we did without any findings on the record whatsoever well what happened was The the PSR indicated that he hadn't completed his his sex offender treatment. Mr Matthew raised for the first time at the sentencing That that that he had in fact completed his his sex offender treatment The United States acknowledges that what should have happened at that point the United States should have asked for a continuance to determine whether or not Whether or not he had in fact completed though that sex offender treatment Instead what the court did reasonably enough since he had indicated that he had certificates showing That he had completed it The the district court said if you if you provide those certificates Will modify the sentence. I I I don't think that was Unreasonable, but I do think it was incorrect The district court did need to make a finding and and what should have happened is it should have been continued To find out the answer to that factual question and and that's why the United States asked for Acknowledges that there should be a remand to make those actual factual findings whether or not he completed that sex offender treatment Okay. Thank you, Your Honor I Don't think I necessarily have the credibility to say that I wouldn't have Ignored the front door and entered and knocked on the interior door what I think we have however is agent Waldo admitting at The hearing that he knew That mr. Matthew had an expectation of privacy in that screen front patio and in fact agent Waldo testified To the following effect. He would have an expectation of privacy in there. It was under the roof of his home I would consider it to be part of the residence. It was within the residence You want to talk about the expectation of privacy? That's what I asked if you looked in all you have to do is just look through the door and you can see everything That's in the patio. What kind of expectation of privacy is that? The question is where does the license end? And when you look at those photos your honor It doesn't allow a license to enter into the patio and knock on the interior door And even if it did and even if it did that doesn't satisfy the conditions of the warrant because the warrant required acceptance the delivery acceptance and re-entry and You can't do that by entering within the residence. That's why that admission is so critical It isn't so much that. Mr. Matthews did not Complete sex offender treatment that was in response to the district court judge Going to impose the condition and Mr. Matthews said I already did that in California. I discharged parole There are there are no facts that allow the imposition of the sex offender requirements here And we agreed to we agreed to remand in our briefing, but we stand firm on our original argument So the PS when the PSR came out, did you file an objection to the to the probation officer's recommendation? So what happened here judge is I was appointed his his trial lawyer was discharged after the PSR came out and the sentencing memo and all of that came out and then I Was appointed and when I came in to finish up the sentencing That is when I made the objection at the sentencing hearing at the sentencing hearing I did and it it was it was a function Of me being appointed after all of that had been completed. So It wasn't entirely Perfect timing, but I did lodge the objection at the sentencing Thank you, and I appreciate there should be a remand on the sentencing at least on that particular topic Yeah, I think we understand that. I want to thank both, mr Holden and mr. Tataka for their excellent arguments and thank them again for Traveling a long way to see us. Yes. It's good to see the court. We appreciate the opportunity. Thank you Okay, United States versus Matthew shall be submitted
judges: Gould, Paez, McShane